IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      **Plaintiff-Respondent,**

**v.**                                             **CIV 03-0268 BB/LAM**
                                                          **1:00CR01299-001 (SDNY)**

**FREDDIE HEREDIA,**

      **Petitioner.**

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**[1]

      **THIS MATTER** is before the Court on Petitioner's Motion For An Order To Correct Computation On Sentence Credits, pursuant to 28 U.S.C. § 2241, filed on March 3, 2003. *(Doc. #1)* On April 21, 2003, the United States filed an Answer *(Doc. #8)* and argues, *inter alia*, that Petitioner has not exhausted the administrative remedies available through the Bureau of Prisons and, therefore, this Court lacks jurisdiction over Petitioner's § 2241 petition. The United States Magistrate Judge having considered the arguments, pleadings, and relevant law, finds that Petitioner's motion is not well-taken and should be **DENIED**.

      I will not reiterate in detail what the parties have presented in their pleadings. Instead I will confine my remarks to set forth my reasoning. Because it is possible to resolve the issues on the

---

[1] The parties are notified that within **ten (10) days** after being served with a copy of these Proposed Findings and Recommended Disposition they may file and serve **written objections** with the Clerk of the U.S. District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

pleadings, and the record establishes conclusively that Petitioner is not entitled to relief, I find that an evidentiary hearing is not necessary.

Petitioner is a federal inmate proceeding *pro se* and *in forma pauperis*, and is currently incarcerated in Cibola County Correctional Center in Milan, New Mexico. Because Petitioner filed this action while imprisoned in New Mexico, this court has jurisdiction to entertain the § 2241 petition.[2] In June 2000, Petitioner was in New York state custody for a state parole violation until his transfer to the United States District Court for the Southern District of New York (1:00CR01299-001), for federal proceedings for illegal re-entry into the United States. *(United States Answer, Doc #8)*. On June 28, 2001, Petitioner was sentenced to 46 months imprisonment, to be computed from the date of sentence. *(Id.)* In his motion pursuant to § 2241, Petitioner seeks to have the Court order the Bureau of Prisons to correct his projected release date, alleging that the projected release date is incorrect due to a failure to credit him with any "good time credit." However, this Court interprets Petitioner's claims as one seeking credit for pre-sentence incarceration time.[3]

Challenges to the computation or execution of a sentence rather than to the basis for the sentence should be brought under § 2241. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000). However, a district court has jurisdiction under § 2241 to review the computation of a sentence only after the prisoner has exhausted administrative remedies before the Bureau of Prisons. *United States v. Wilson*, 503 U.S. 329, 335-36 (1992); *see also Bennett v. United States Parole Comm'n,* 83 F.3d 324, 328 (10th Cir.), *cert. denied*, 518 U.S. 1012 (1996). The United States Attorney General, through the Bureau of Prisons, has the responsibility of administering a federal sentence. *See United*

---

[2] Section 2241 petitions must be brought in the district where the prisoner is confined. *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[3] Petitioner apparently seeks credit on his federal sentence for the time he was in state custody prior to his federal sentencing.

*States v. Jenkins*, 38 F.3d 1143, 1144 (10th Cir. 1994) ("[O]nly the Attorney General through the Bureau of Prisons has the power to grant sentence credit").

In his motion, Petitioner states that he has exhausted his administrative remedies, but provides the Court with no evidence that he has done so.  The United States, in its answer, provides the Court with a memo written by a case manager at Cibola County Correction Center dated April 15, 2003, stating that "Heredia, to my knowledge, has not submitted an Administrative Remedy through Cibola County Corrections Center in reference to this matter." *(United States Answer, Doc. # 8, Exhibit 2)*. While it appears that Petitioner inquired as to his release date, he did not avail himself of the procedures established in the federal regulations.  Such procedures include the completion of the proper Bureau of Prisons forms which have been created specifically for complaints such as this. Because Petitioner has not done this, he has failed to exhaust the available administrative remedies. This Court, therefore, lacks jurisdiction over Petitioner's § 2241 petition and must dismiss his motion. *United States v. Wilson*, 503 U.S. 329, 335-36 (1992); *see also Bennett v. United States Parole Comm'n*, 83 F.3d 324, 328 (10th Cir.), *cert. denied*, 518 U.S. 1012 (1996).

**WHEREFORE, IT IS HEREBY RECOMMENDED THAT** Petitioner's Motion For An Order To Correct Computation On Sentence Credits, pursuant to 28 U.S.C. § 2241, filed on March 3, 2003 *(Doc. #1)* be **DENIED**, and that this action be **dismissed without prejudice**.

**IT IS SO ORDERED.**

*/s/ Lourdes A. Martínez*
**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**